# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LINDA HYATT,

        Plaintiff,

v.                                                           Case No. 05-2230-JWL-GLR

ASSOCIATED WHOLESALE GROCERS,
INC.

        Defendant.

## **STIPULATED PROTECTIVE ORDER**

The parties, having stipulated to the entry of a Protective Order for certain documents, and the Court having made an independent determination that good cause exists for a protective order for certain documents, HEREBY ENTERS ITS ORDER:

1. *Facts Establishing Good Cause.* Plaintiff Linda Hyatt ("Hyatt") was employed by Defendant Associated Wholesale Grocers ("AWG") from 1989 until November 2003. In this lawsuit, Hyatt alleges that she was the subject of gender discrimination while employed at AWG and that she was terminated in retaliation for complaining of that alleged discrimination. Defendant denies all of Plaintiff's allegations. At the time of her termination, Hyatt was the Director of Bakery. As a management employee, the Director of Bakery reviewed company-wide sales figures, established new sales programs, and reported on highly sensitive customer information. In order to demonstrate Plaintiff's effectiveness at performing her various job functions, it is anticipated that confidential and proprietary information of AWG (including budgets, pricing information, strategies, policies and procedures), as well as confidential medical and personnel information about Hyatt will be produced by the parties during the course of litigation. In addition, as

Plaintiff contends that AWG discriminated against her in asking her to change certain subordinates' performance reviews, confidential personnel information of people not parties to this lawsuit will be produced. The parties recognize that the public disclosure of such business strategy, pricing, and performance may cause irreparable competitive injury to AWG, and this Order, which protects both AWG and prohibits the public release of confidential personnel information of Plaintiff and non-parties allows the parties access to information each seeks to discover, while minimizing the harmful effects on both. The Court finds that the parties properly seek to protect such confidential and proprietary information as well as to protect all parties and non-parties from any annoyance or embarrassment that unrestricted disclosure may potentially cause.

2. *Document Defined.* When used in this Stipulated Protective Order, "Document" means those documents related to Plaintiff Linda Hyatt's medical records, Defendant Associated Wholesale Grocers' confidential and proprietary information (including budgets, pricing information, strategies, policies and procedures), any and all personnel information regarding any of AWG's current or former employees, and duplicates thereof, that either party makes available pursuant to Fed. R. Civ. P. 26, in response to Requests for Production or Interrogatories, as well as such additional documents or classifications of documents that the parties subsequently stipulate as being subject to this Order.

3. *Designation of Documents.* Any party to this Stipulated Protective Order may designate as "Confidential" any Document, or portion thereof, which it produces and which that party's counsel has determined in good faith is entitled to protection because it contains confidential information as defined in this Order. Each Document, or portion of a Document, designated as "Confidential" (hereinafter "Designated Document") shall be marked accordingly and shall be subject to restrictions as provided in

this Stipulated Protective Order; provided, however, that any and all portions of all personnel information relating to Defendant's employees and former employees shall automatically be deemed to contain confidential information and to be designated and treated as "Confidential" without any marking or other individual designation as such. Where only a portion of a Designated Document can fairly be designated "Confidential," only such portion shall be so designated.

4. *Method of Marking*. Subject to the provision in Paragraph 3 above concerning the exemption from marking of personnel information relating to Defendant's employees and former employees, Documents subject to this Stipulated Protective Order shall be designated as "Confidential" by clearly stamping or otherwise marking the word "Confidential" on all pages (unless such a mark would impair the legibility of the Document, in which case the stamp or mark should appear on the first available page where legibility would not be impaired). If only a portion of the Document is designated, the page(s) containing the designated portions shall be identified on the first page of the Document (unless such a mark would impair the legibility of the Document in which case the stamp or mark should appear on the first available page where legibility would not be impaired).

5. *Objections to Designation*. Whenever any party marks a document as "Confidential", the other party shall have twenty (20) days after receiving the documents marked "Confidential" to send a written objection to the other party. If the parties are unable to reach agreement after personal consultation, the objecting party may, after complying with the Local Rules of this Court, present a motion to the Court to strike or modify the treatment of the Document as "Confidential." The Document shall continue to have the benefit of the designated status until further order of the Court.

6. *Confidential Documents*. Except with the prior written consent of the designating party or the

prior order of this Court, Documents designated as "Confidential" and the information contained therein shall be used in connection with this litigation only and shall not be disclosed to any person other than:

    a.    the parties to this litigation and their counsel of record;

    b.    employees of the counsel of record who are assigned to assist such counsel in connection with this litigation;

    c.    third-party experts, consultants, or counsel retained specifically in connection with this litigation, provided that any such person is given a copy of this Stipulated Protective Order and agrees to be bound by its provisions;

    d.    any person who testifies at deposition or at trial in this proceeding, provided that such person is given notice of the terms of this Stipulated Protective Order and that all testimony taken concerning Designated Documents or information contained therein be marked "Confidential"; and

    e.    the Court and its personnel.

7. *Use of Designated Documents for Motions.* In the event party wishes to deposit any document designated as "Confidential" with the Clerk of this Court, it shall first file a motion with the court and be granted leave to file the particular document under seal. Should the court grant the motion, the document shall be filed in an envelope bearing the following designation when deposited:

> **IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THIS COURT, THE CONTENTS OF THIS ENVELOPE SHALL NOT BE SHOWN TO ANY PERSONS OTHER THAN THE COURT AND ITS STAFF, THE PARTIES IN THIS CASE, THEIR ATTORNEYS, OR STAFF, PARALEGALS OR ASSOCIATES ASSISTING ATTORNEYS.**

8. *Disclosure of Designated Documents.* No party receiving a Designated Document shall disclose

it or its contents to any person other than those described in paragraph 6, and in no event shall such party make any use of such Document other than for the purpose of this litigation.

9. *Acknowledgment.* A person given access to Confidential Material under the terms of Paragraph 6(c)-(e) of this Order shall not be granted access thereto until such person has agreed to be bound by the terms of this Protective Order and has signed an acknowledgment in the form attached hereto as Exhibit A. Executed copies of Exhibit A shall be maintained by counsel for the party disclosing the Confidential Material to the persons permitted in Paragraphs 6(c)-(e) of this Order. At any reasonable time, any party may request in writing that all copies of Exhibit A which have been signed by persons pursuant to this paragraph be provided to that party. Such copies shall be provided within 10 calendar days after receipt of the written request.

10. *Inadvertent Disclosure.* In the event of an inadvertent disclosure of a party's Confidential information, the party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person to whom the disclosure was made that it contains Confidential information subject to this Protective Order; and (ii) promptly make all reasonable efforts to obtain the return of, and preclude dissemination or use of, the Confidential information by the person to whom disclosure was inadvertently made.

11. *Objections and Rights Reserved.* This Stipulated Protective Order shall not prejudice the rights of, or prevent, any party from:

    a. objecting on any valid ground to the production of any Document;

    b. objecting to the offer or introduction of any Document into evidence on any valid ground at the time such Document is offered;

5

    c. redacting Confidential information from any Document;

    d. seeking other protection from the Court concerning any Document.

12. *Use at Hearing or Trial.*  The use at any hearing or at trial of any Document or information designated as "Confidential" as evidence shall be governed by the Federal Rules of Evidence.

13. *Modification.*  Any party to this Stipulated Protective Order may apply to the Court, on reasonable notice to all parties, for relief or modification of any provision of this Order.

14. *Return of Documents.*  Within 30 days of the conclusion of this litigation by settlement, final judgment, or final order, including all appeals, all Designated Documents, and all copies (except exhibits filed of record) shall be returned by counsel to the party who had previously produced the Designated Documents, unless the parties agree to a method for the destruction of the Designated Documents.

               s/ Gerald L. Rushfelt
               Gerald L. Rushfelt
               United States Magistrate Judge

Date: February 24, 2006

Submitted by:

  /s/ Kirk D. Holman
Kirk D. Holman  KS #19558
1125 Grand Avenue, Suite 1400
Kansas City, Missouri  64106
(816) 471-6444
FAX: (816) 471-6664
kirk@kdh-law.com
ATTORNEY FOR PLAINTIFF

  /s/ Karen R. Glickstein
Karen R. Glickstein  KS # 14036
Francesca F. Cheroutes  KS # 18491
Shughart Thomson & Kilroy, PC
Twelve Wyandotte Plaza
120 W. 12th Street, Suite 1600
Kansas City, Missouri  64105
(816) 421-3355
FAX:  (816) 374-0509
kglickstein@stklaw.com
ATTORNEYS FOR DEFENDANT AWG

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LINDA HYATT,

Plaintiff,

v.                                                    Case No. 05-2230-JWL

ASSOCIATED WHOLESALE GROCERS,
INC.

Defendant.

## **ACKNOWLEDGMENT**

The undersigned acknowledges that (s)he has read the Stipulated Protective Order entered in this action by the District Court of Kansas, Kansas City Division, on February ___, 2006, that (s)he understands its terms, and that (s)he agrees to be bound by that Order.

_____

Dated: _____